IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JOHN ROBERT DEMOS, JR,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-cv-1000-JPG |
| | ) |
| **STATE OF WASHINGTON, et al.,** | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Petitioner John Robert Demos, Jr., currently an inmate at the Stafford Creek Correctional Center located in Aberdeen, Washington[1] filed an action concerning his Washington State conviction. He also filed a motion to proceed *in forma pauperis* (Doc. 2) pursuant to 28 U.S.C. § 1915.

Petitioner styled his action as one "to take supervisory control." He contended that there is a split in the circuit courts concerning the issue of when the Speedy Trial Act commences. For relief, Petitioner sought to "certify this issue to the U.S. Supreme Court to prevent a grave miscarriage of justice." It was unclear whether the Court should characterize this action as one arising under 28 U.S.C. § 2254 or one seeking relief under 42 U.S.C. § 1983. Regardless of how the Court characterized the action, however, the undersigned determined that it should be dismissed.

To the extent Petitioner sought habeas relief, the action was dismissed because this Court

---

[1] At the time he commenced this action in this Court, Petitioner was confined at McNeil Island Corrections Center, in Steilacoom, Washington.

lacked subject matter jurisdiction to entertain it.  Neither Petitioner nor his immediate custodian are located in this district.  *See* 28 U.S.C. § 2241(a) (writs of habeas corpus may be granted by district courts within their respective jurisdiction); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (usually, the named custodian must reside in the geographical confines of the federal district where the habeas petition is filed).

To the extent Petitioner sought relief under § 1983, this Court determined that he was barred from proceeding *in forma pauperis* under the "three strikes" provision of 28 U.S.C. § 1915(g).  A review of court records on the U.S. PACER Case Locator, Civil Party Search, revealed that Plaintiff, while incarcerated, had filed hundreds of civil actions with courts located throughout the United States.  Several of these counted as "strikes" for purposes of 28 U.S.C. § 1915(g).[2]  Furthermore, the allegations of the complaint did not indicate that Plaintiff wass under "imminent danger of serious physical injury."  28 U.S.C. § 1015(g).

Plaintiff filed "a notice of appeal or, in the alternative, a request for a Certificate of Appealability" (Doc. 5).  To the extent Petitioner seeks habeas relief, he may not proceed on appeal without a certificate of appealability.  28 U.S.C. § 2253(c)(1).  Title 28 U.S.C. §  2253(c)(2) provides that a certificate of appealability may issue "only if the applicant has made a substantial

---

[2]Due to his frivolous litigation, Plaintiff is under pre-filing bar orders in a number of courts, including the United States District Courts for the Western and Eastern Districts of Washington, the Washington State Courts, the Ninth Circuit Court of Appeals, and the Supreme Court of the United States.  *See Demos v. Storrie*, 507 U.S. 290 (1993); *Demos v. Bush*, No. MS04-0001 (W.D. Wash., Jan 16, 2004).  The federal courts in the State of Georgia have dismissed as frivolous pursuant to 28 U.S.C. § 1915 at least three of Plaintiff's previous cases: *Demos v. Doe*, No. 1:00-cv-594(WBH) (N.D. Ga. March 29, 2000); *Demos v. Hatin*, No. 1:97-cv-1819(RCF) (N.D. Ga. Oct 7, 1997); *Demos v. Doe*, No. 1:04-cv-1684(GET)(N.D. Ga. March 1, 1995).  Plaintiff has numerous other frivolous findings in various courts throughout the United States.  This Court hasl not attempted to catalog all of these cases because, pursuant to 28 U.S.C. § 1915(g), because only three "strikes" are needed to bar *in forma pauperis* status.

showing of the denial of a constitutional right." Further, § 2253(c)(3) provides: "The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2)."

The Court finds that Petitioner has not made "a substantial showing of the denial of a constitutional right." Accordingly, construing the notice of appeal as a motion for a certificate of appealability, the motion for a certificate of appealability is **DENIED**.

Additionally, with respect to Plaintiff's § 1983 claims, the Court notes that Petitioner has not paid the full appellate filing fees nor filed a motion to proceed *in forma pauperis* on appeal. Construing the notice of appeal as a motion to proceed *in forma pauperis* on appeal, the motion to proceed *in formra pauperis* on appeal is **DENIED** because (as noted above) Petitioner has previously acquired "three strikes" under 28 U.S.C. § 1915(g) and he is not under imminent danger of serious physical injury.

**IT IS SO ORDERED.**

**Dated: June 23, 2010.**

                                                 s/ J. Phil Gilbert
                                                 **U. S. District Judge**